

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

April 11, 2023

*VIA ECF*

Hon. Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

      Re:    *SEC v. James David O'Brien,* 21-cv-09575 (DLC) (S.D.N.Y.)

Dear Judge Cote:

      Plaintiff Securities and Exchange Commission ("Commission") writes pursuant to the Court's March 30, 2023 Order (ECF No. 80), and in response to Defendant James David O'Brien's ("Defendant") *unsworn* Affidavit, dated April 6, 2023 ("Affidavit") (ECF No. 85). The Commission respectfully requests that the Court strike those portions of the Affidavit that are in violation of the explicit terms of the Consent, as discussed below. Should the Court strike those portions of the Affidavit, the Commission will not seek to cross-examine the Defendant. Should the Court admit into evidence the full Affidavit, the Commission intends to cross-examine the Defendant on April 27, 2023.

      Paragraphs 1-23, and 27-29 of the Affidavit discuss matters prohibited by the explicit language of the Consent (ECF No. 73) and should not be admitted into evidence. The Consent, which settled the matter as to the issues of liability, but left disgorgement and penalty for further litigation[1], was signed and notarized by the Defendant and his counsel on February 3, 2023. The Consent prohibited the Defendant from claiming that he did not violate federal securities laws and from taking any action denying "directly or indirectly" any allegation in the Complaint. (*Id.* ¶¶ 3, 11.) Additionally, in executing the Consent, the Defendant agreed that "solely for the purposes of [the Commission's motion for disgorgement and/or civil penalties], the allegations of the Complaint shall be accepted as and deemed true except with respect to the quantum of

---

[1] In the Consent, the Defendant, among other things, without admitting or denying the allegations of the Complaint, except as to agreeing not to make any public statement denying the allegations in the Complaint, consented to the entry of the Judgment (ECF No. 71) permanently restraining him from violating Section 17(a) of the Securities Act of 1933, Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, and provides that the issue and amounts of disgorgement, prejudgment interest, and civil penalty will be decided by the Court.

Hon. Denise Cote
April 11, 2023
Page 2

disgorgement, *i.e.*, net profits." (*Id.* at ¶ 3.) Despite this, throughout the above-mentioned paragraphs of his Affidavit, O'Brien violates these prohibitions baldy and repeatedly.[2]

Courts routinely prohibit parties to a Commission consent from offering evidence beyond the allegations of the Complaint, or from otherwise subsequently denying their culpability. *See, e.g., SEC v. Syndicated Food Serv. Int'l, Inc.*, No. 04-CV-1303, 2014 WL 1311442, at * 5-6 (E.D.N.Y. Mar. 28, 2014) (defendant cannot argue that he did not participate in the fraud because it is directly contradictory to the terms of his signed consent agreement*); SEC v. Narvett*, No. 13–C–927, 2014 WL 5148394, at *2, (E.D. Wis. Oct. 14, 2014) ("Having agreed that the court should deem the allegations of the complaint true, Narvett cannot now offer evidence in conflict with those facts."); *Siris v. SEC*, 773 F.3d 89, 95 (D.C. Cir. 2014) ("[T]he judgment unambiguously barred Siris from making any future challenge to the allegations in the complaint. *See Amador Cnty. v. Salazar,* 640 F.3d 373, 384 (D.C. Cir. 2011); *see also SEC v. Citigroup Global Mkts., Inc.,* 752 F.3d 285, 295 (2d Cir. 2014); *Elliott v. SEC,* 36 F.3d 86, 87 (11th Cir. 1994) (per curiam). It was also permissible for the Commission to reject Siris' purported mitigation evidence that, "in reality, constituted a collateral attack on the consent judgment.").

Specifically, Defendant's Affidavit is rife with improper claims of his innocence (*e.g.,* ¶¶ 1, 2, 3, 6, 7, 8, 11, 21, 28, 29), groundless allegations of Commission illicit intentions and "overreach" (*e.g.,* ¶¶ 1, 7 - 11, 13, 14, 22, 25), and unsupported and irrelevant facts not discussed in the Complaint (*e.g.,* ¶¶ 4, 5, 7-22). This testimony is improper and distorts the record in this case. Only Paragraphs 24-26 of the Affidavit contain O'Brien's disgorgement discussion.

For these reasons, the Commission respectfully requests the Court strike paragraphs 1-23, and 27-29 of the Defendant's Affidavit and hold no live testimony or, in the alternative, should the Court disagree and admit the Affidavit into evidence, the Commission intends to cross-examine the Defendant on April 27, 2023.[3]

Respectfully submitted,

*s/ Bennett Ellenbogen*
Bennett Ellenbogen
Paul G. Gizzi
Chevon Walker
*Counsel for Plaintiff*

(cc via ECF):  All Counsel of Record

---

[2] The Defendant's Memorandum of Law in Opposition to the Commission's Motion for Monetary Relief (ECF No. 81) similarly contradicts the facts of the Complaint and further inappropriately invites the Court to find that liability to which the Defendant has already agreed does not exist. The Complaint alleges that the Defendant "engaged in a manipulative trading scheme" through the execution of thousands of coordinated trading events (ECF No. 1.), facts the Defendant agreed "shall be accepted as and deemed true." (ECF No. 73 at ¶ 3.)

[3] The Commission will provide more detail on the improper testimony, or file a formal motion to strike, should the Court so request it.