

**HANAMIRIAN LAW FIRM**
**MAIN STREET TO WALL STREET**

April 14, 2023

**Via ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
500 Pearl Street, Room 1910
New York, NY 10007

           **Re:** **Securities and Exchange Commission v. James David O'Brien**
                  **Case No.: 1:21-cv-09575-DLC**

Dear Judge Cote:

     I am in receipt of the Plaintiff's April 11, 2023 correspondence filed via ECF and this Court's Order filed that same date. In response, the Defendant asserts that the entirety of his signed and sworn Affidavit does not violate the February 3 Consent. Mr. O'Brien is permitted to discuss his background and extensive trading experience. Mr. O'Brien is permitted to address the allegations of the Complaint as they relate to the issue of the possible imposition of disgorgement or other monetary penalty. Mr. O'Brien is permitted to give his analysis of the impetus of the litigation and the effect it has had on his livelihood and family. There is nothing in the February 3 Order preventing him from addressing any of those topics and to the contrary, the terms of the February 3 Consent state that this Court must first determine whether disgorgement is a proper remedy and Mr. O'Brien's testimony should be considered in that regard. The Court can decide how much weight to attribute to his Affidavit, particularly in light of the United States Supreme Court mandate that courts treat disgorgement analyses guided by equitable principles, particularly in determining whether any disgorgement remedy will return monies to actual victims as opposed to the Treasury. In that regard, understanding the nature of the transactions and what actually took place is appropriate testimony, particularly here where the Plaintiff has failed to set forth pleadings of fraud with any specificity. Liu v. SEC, 140 S. Ct. 1936 (2020).

     Pursuant to the February 3 Consent, Mr. O'Brien intended to present his testimony in person with the understanding that he would be cross-examined. This was a specifically negotiated, material term without which Mr. O'Brien may have declined to sign the Consent.

     On February 3rd, the Plaintiff submitted correspondence to this Court requesting that the Court enter the February 3 Consent on the Docket. On the same date, this Court entered an Order consistent with the Plaintiff's February 3rd correspondence, including that:

**HANAMIRIAN LAW FIRM, P.C.**
40 E. MAIN STREET MOORESTOWN, NJ 08057    30 WALL STREET NEW YORK, NY 10005
O 856.793.9092  F 856.793.9121  W hanamirian.com



> "IT IS FURTHER ORDERED that, in the event the defendant wishes to testify in person or the Court requires his testimony in person, testimony will be taken on April 27, 2023 at 10:00 a.m.";

On March 29, 2023, the Defendant submitted a formal letter advising the Court of Mr. O'Brien's desire to provide live testimony at the date and time Ordered. On March 30, this Court issued an Order stating that:

> "On March 29, 2023, the defendant submitted a letter request to provide live testimony on April 27, 2023 at 10:00 a.m. Pursuant to this Court's Individual Practices in Civil Cases, direct testimony of witnesses in non-jury proceedings is taken by affidavit: Accordingly, it is hereby
> ORDERED that the defendant shall, by April 7, file an affidavit containing his direct testimony."

This Court's Individual Practices in Civil Cases does not state what was identified in the March 30 Order, but rather in Section 6C, states, in part, that the direct testimony of "adverse parties" and "those witnesses whom the Court has agreed to hear direct testimony live at the trial" are not limited to presenting testimony via affidavit. Mr. O'Brien is an adverse witness or someone for whom the Court has agreed to hear live testimony. Nonetheless, given the Court's Order, the Defendant complied and presented his direct testimony in affidavit form in a timely manner. The balance of the Court's Individual Practices in Civil Cases does not provide for striking testimony in advance of any live proceeding.

There is nothing in Your Honor's Individual Practices in Civil Cases that states that a party may seek to strike testimony in advance of trial and Mr. O'Brien should not be punished for following this Court's Order as opposed to the terms of the agreed process. It cannot be wrong to trust the Court. Mr. O'Brien's Affidavit contains crucial, valuable information which could assist the Court in determining the appropriateness of disgorgement in the first instance and thereafter, the quantum of disgorgement, if any, to be ordered, by understanding Mr. O'Brien's mindset which is necessary in the analysis of the imposition of any penalty.

The Defendant understood and relied on the Court's Individual Practices in Civil Cases and the subsequent Court's Orders confirming live testimony, and after the March 30th Order, trusted that the Court would accept the Defendant's Affidavit, allow cross-examination if requested and then determine what portions of the Affidavit would be admitted into evidence, much like a trial. The foregoing was reinforced by the Defendant submitting the Affidavit separate from the Opposition pleadings and providing a separate Declaration in support of the Opposition, so that the Affidavit would not be considered by the Court until the conclusion of



**MAIN STREET TO WALL STREET**

any live cross-examination. In that vein, there is no prejudice to the Plaintiff by waiting until the time of live testimony to present any objections or making any motion to strike.

Now, however, we are advised that the testimony in the Affidavit providing background and other information necessary to a determination of whether disgorgement is an appropriate remedy (consistent with the February 3 Consent language) may be stricken without any cross-examination or any evidentiary or other substantive ruling from this Court, merely on the basis of a letter that is not even a motion supported by law and fact. We are left with an after-the-fact Order advising us to self-edit a testimonial affidavit? At a minimum, there should be a motion to strike process imposed consistent with Fed. R. Civ. P. 12(f).

In response to the Court's Order, Defendant re-asserts that (1) the entirety of the Affidavit does not violate the February 3 Consent; (2) the February 3 Consent is a form mandated by the Plaintiff and, as a result, should be construed liberally in favor of Mr. O'Brien; and (3) objects to the process and procedure suggested by the Plaintiff's April 11, 2023 correspondence.

Respectfully,

John M. Hanamirian

cc:   Paul G. Gizzi, Esquire
      Bennett Ellenbogen, Esquire

**HANAMIRIAN LAW FIRM, P.C.**
40 E. MAIN STREET MOORESTOWN, NJ 08057   30 WALL STREET NEW YORK, NY 10005
O 856.793.9092   F 856.793.9121   W hanamirian.com